IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| FRED SCOTT, § | |
| (TDCJ #907987) § | |
| VS. § | CIVIL ACTION NO.4:05-CV-437-Y |
| § | |
| § | |
| TARRANT COUNTY § | |
| COMMISSIONERS, et al. § | |

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§ 1915A(b)(1),
and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)
(With special instructions to the clerk of Court)

Plaintiff Fred Scott, a prisoner presently housed at the Texas Department of Criminal Justice (TDCJ), Corrections Institutions Division's Price Daniel Unit, was permitted by the magistrate judge to proceed herein pursuant to 28 U.S.C. § 1915, with the filing fee to be collected as required by the Prison Litigation Reform Act (PLRA). Scott's complaint under 42 U.S.C. § 1983 names as defendants each Tarrant County Commissioner: namely Dionne Bagsby, Marti Van Ravensway, Glen Whitley, J.D. Johnson, and G.K. Meanins; as well as Tim Curry, District Attorney, Tarrant County, Texas; District Judge Thornton, former Judge, 372nd Judicial District Court, Tarrant County, Texas; Don Carpenter, former Sheriff, Tarrant County, Texas; David Williams, former Sheriff, Tarrant County, Texas; and private attorney Jack Strickland. (Compl. Style; ¶ IV(B).) Except for Jack Srickland, Scott has named each defendant in an official capacity only. (Compl. ¶ IV(B); V.)

On January 5, 2000, a jury found Fred Scott guilty of possession with intent to deliver one gram but less than four grams of heroin and possession with intent to deliver less than one gram of cocaine. (Memorandum in Support of Complaint--January 5, 2000, Judgment in cause number 0734466D-attached as an exhibit.) In this case, Scott complains of the alleged actions of defendants associated with a prior conviction in 1991, and the use of that conviction to enhance his sentence in 2000. (Compl. § V; Memorandum in Support 1-10.) Scott alleges that in 1987, the Court of Appeals of Texas, Second District, reversed a judgment revoking his probation on a charge of theft of property of value less than $750.00.[1] (Compl. § V, Memorandum at 3-4.) Scott alleges that the Tarrant County Commissioner defendants had a policy in place that allowed Sheriff Carpenter and later Sheriff Williams to keep him incarcerated until another judgment was rendered against him in case number 0270723D on June 14, 1991. (Compl. § V, Memorandum at 3.) Scott thus complains that he was the victim of malicious prosecution and was falsely imprisoned in the early 1990s, and also complains that cause number 02707230 was not validly used as a habitual count to enhance the later conviction in January 2000. (Compl. ¶ V.) Scott seeks a declaratory judgment as well as monetary damages. (Compl. Relief § VI.)

---

[1] *See Scott v. State,* 734 S.W. 2d 756, 757-58 (Tex.App.-Fort Worth 1987, writ refused).

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[3] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[4] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[5] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[6] After review and consideration of Scott's claims in this suit, the Court finds that they must be dismissed under the authority of 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

---

[2] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West Supp. 2005).

[3] *See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2005); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[4] *See* 28 U.S.C.A. § 1915A(a)(West Supp. 2005).

[5] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[6] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The Court first notes that all of Plaintiff's claims are barred by the applicable statute of limitations. The Supreme Court has held that all § 1983 actions are governed by the statute of limitations for personal-injury actions for the state of suit.[7] In Texas, the applicable limitations period is two years.[8] A district court may dismiss claims *sua sponte* under § 1915 where it is clear from a review of the complaint that the alleged claims are barred by the applicable statute of limitations.[9]

Accrual of a claim under § 1983 is determined by federal law,[10] under which a claim generally accrues when a plaintiff knows or has reason to know of the injury giving rise to the cause of action.[11] Scott complains of events in 1987, 1991, and 1994, and also raises challenges to an enhancement to his conviction in January 2000. Since Scott did not file this suit until July 2005, his claims asserted under 42 U.S.C. § 1983 are too late: the applicable two-year statute of limitations already had expired on all of his

---

[7] *See Wilson v. Garcia,* 471 U.S. 261, 273-76 (1985)(state statute of limitations period for personal-injury actions applies to all claims under 42 U.S.C. § 1983).

[8] *See Moore v. McDonald,* 30 F.3d 616, 620 (5th Cir. 1994)(noting that district courts in Texas must use Texas's general two-year, personal-injury limitations period); *see* TEX. CIV. PRAC. & REM. CODE 16.003(a)(Vernon 2002) (Texas's two-year, personal-injury limitations statute).

[9] *See Harris v. Hegman,* 198 F.3d 153, 156 (5th Cir. 1999); *see also Moore,* 30 F.3d at 620, *citing Gartrell V. Gaylor,* 981 F.2d 254, 256 (5th Cir.1993).

[10] *See Harris,* 198 F.3d at 157; *see also Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir. 1989).

[11] *See Harris,* 198 F.3d at 157, *citing Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir. 1992) and Burrell, 883 F.2d at 418.

4

potential claims several years prior to the time Scott filed suit. Accordingly, the complaint must be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(b)(i) and (ii).

An alternative basis for dismissal of Scott's claims against defendants Tim Curry, Judge Thornton, Jack Strickland, and Don Carpenter, is that they are virtually identical to claims already dismissed as frivolous by this Court. Scott previously filed some of the same claims asserted in this action in *Scott v. Tim Curry, et al.*, 4:01-CV-916-Y, a copy of which is attached hereto as Exhibit A. That action was dismissed under authority of 28 U.S.C. §§ 1915A and 1915(e)(2)(B) on the basis that Scott's official-capacity claims were either barred by Eleventh Amendment immunity or were not supported by sufficient facts to state such a claim, and alternatively, were barred by the doctrine of *Heck v. Humphrey,* 512 U.S. 477 (1994).

In reviewing a similar multiple-suit-filing scenario, the Court of Appeals for the Fifth Circuit concluded that there was no abuse of discretion in a district court's determination that an in-forma-pauperis action identical to one previously dismissed may be dismissed as frivolous or malicious:

> [W]e have dismissed an appeal as frivolous because it involved a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit, concluding that "repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915(d) as malicious." See *Robinson v. Woodfork,* No. 86-3735 (5th Cir. May 22, 1987)(unpublished order)(citing *McCullough v. Morgan,* No.

5

85-2022 (5th Cir. July 3, 1985) (unpublished order) and *Hill v. Estelle,* 423 F. Supp. 690 (S.D.Tex. 1976)). Other courts have also held that an IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of section 1915(d).[12]

Because Scott's claims against Curry, Thornton, Carpenter, and Strickland are duplicative of an action already dismissed as frivolous in this the Northern District of Texas, such claims must be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii).

Therefore, for the alternative reasons set forth above, all of plaintiff Fred Scott's claims are hereby, DISMISSED WITH PREJUDICE to their being refiled pursuant to 28 U.S.C. § 1915A(b)(1) and, alternatively, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

SIGNED October 26, 2005.

/s/ Terry R. Means
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[12] *Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1988)(other citations omitted).

6